UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSHUA BRIAN

CIVIL ACTION

VERSUS

NO. 15-541-JJB-EWD

SGT. WAYNE PATRICK

## RULING

This matter is before the Court on a Motion to Dismiss (Doc. 9) brought by the defendant, Sgt. Wayne Patrick. The plaintiff, Joshua Brian, filed an opposition (Doc. 11) and the defendant filed a reply brief (Doc. 12). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the defendant's Motion to Dismiss (Doc. 9) is **GRANTED in part and DENIED in part**.

## I.    BACKGROUND

On August 17, 2015, the plaintiff filed a Complaint alleging violations of the United States Constitution, specifically the Fourth, Fifth, Eighth, and Fourteenth Amendments; the Louisiana State Constitution, specifically Article I sections 2 and 5; and general tort principles set forth in the Louisiana Civil Code, including articles 2315, 2317, 2320, and 2321, as well as state law malicious prosecution and intentional infliction of emotional distress. *See Compl.* 1.

The Complaint set forth the following allegations which, for purposes of this motion, are treated as true. On November 15, 2014, the plaintiff entered the Hi Nabor grocery store in Baton Rouge, Louisiana, where the defendant, Sgt. Wayne Patrick[1], stopped and searched the plaintiff. In doing so, the defendant discovered a bag in the plaintiff's front pocket that contained what looked like Halloween candy. The plaintiff told the defendant that the candy had been purchased

---

[1] The defendant is a Sergeant with the East Baton Rouge Sheriff's Office ("EBRSO"). *Compl.* ¶ 4, Doc. 1.

from CVS after Halloween. Three other people present at the time, including the Hi Nabor cashier and/or manager, also told the defendant that it was Halloween candy.

Without receiving verification or identification, the defendant announced that the substance was ecstasy. The defendant had never seen ecstasy that looked like the candy and he did not conduct a test kit, which costs as little as $24.99.[2] Instead, the defendant photographed the candy and sent it to Lt. Eric Jones of the EBRSO Narcotics Division. Lt. Jones advised the defendant that he had never seen ecstasy that looked like the photo.

The defendant arrested the plaintiff and charged him with possession and distribution of a schedule 1 narcotic. The plaintiff was booked in the East Baton Rouge Parish jail where he remained for 90 days. The defendant sent the substance to the State Police Crime Lab, which identified it as candy. The charge was dismissed but remains on the plaintiff's record. As a result of the arrest and subsequent 90-day jailing, the plaintiff alleged the following damages: bodily injuries; mental anguish and distress; medical and pharmaceutical expenses; lost wages; reputational harm; and fear/fright, including embarrassment, humiliation, and aggravation. *Compl.* ¶ 9, Doc. 1.

## II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court, "[i]n reviewing a Rule 12(b)(6) motion . . . must

---

[2] The plaintiff alleges that the defendant could have, but failed to, take the following actions to identify the substance as candy: (1) "taste test" the substance; (2) contact CVS; (3) review the CVS website for a picture of the candy; and (4) email a picture of the substance to CVS. *Compl.* 3–4, Doc. 1. These allegations are speculative and therefore are not taken as true for purposes of a 12(b)(6) motion to dismiss. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff." *Davis v. Bellsouth Telecomm.*, Civil Action No. 11-722-FJP-SCR, 2012 WL 2064699, at *1 (M.D. La. June 7, 2012) (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)). Still, the plaintiff must assert facts sufficient to demonstrate that he may plausibly be entitled to relief. *Ashcroft*, 556 U.S. at 678. Significantly, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## III.   DISCUSSION

The plaintiff conceded dismissal of the following claims: Fifth Amendment, Eight Amendment, La. Civ. Code art. 2317, La. Civ. Code 2320,[3] and La. Civ. Code art. 2321. *Pl.'s Opp'n* 1, 3, 7–8. Additionally, the plaintiff clarifies that he is not asserting any claims against the defendant in his official capacity. *Id.* at 1–2. Therefore, the defendant's motion to dismiss, as it pertains to the above-mentioned claims, is **GRANTED**.[4]

The following claims remain at issue in this ruling: § 1983 individual capacity claims, including Fourth/Fourteenth Amendment false arrest and malicious prosecution; punitive damages and attorney's fees; and various state law claims, including simple negligence, false imprisonment, intentional infliction of emotional distress, and malicious prosecution.

---

[3] The plaintiff explicitly conceded that there is no claim under La. Civ. Code 2317 or 2321: "Mr. Brian concedes he does not properly state a claim pursuant to the 5th or 8th Amendments or La. C.C. arts 2317 or 2321." *Pl.'s Opp'n* 1. The plaintiff further explains that "[the defendant] correctly notes that there is no *'respondeat superior'* claim under 2317 in this case[.]" *Id.* at 3 (emphasis added). The respondeat superior theory of liable continues through article 2320 ("Acts of servants, students or apprentices"). Because the plaintiff has conceded that it has no claims under article 2317 and that there is no respondeat superior claim, and because the plaintiff has alleged no facts supporting either theory of liability, the defendant's motion to dismiss, as it pertains to La. Civ. Code articles 2317 and 2320, is **GRANTED.**

[4] Although the Court is generally willing to overlook minor mistakes contained in a complaint or pleading, this case goes well beyond minor issues. As demonstrated by the fact that the plaintiff conceded dismissal of at least five claims, many of the claims alleged in the Complaint have absolutely no legal (Fifth and Eighth Amendment) or factual (La. Civ. Code articles 2317, 2320, and 2321) basis. Most egregious of which is the claim under La. Civ. Code article 2321 for damages caused by animals. Going forth, the plaintiff shall work diligently to ensure that each pleading and argument filed with this Court has a basis in law and fact. More generally, all parties should consult Federal Rule of Civil Procedure 11 before filing any further pleadings, motions, or other papers in this case.

A.       **Section 1983 Individual Capacity Claims**

Qualified immunity protects government officials from suit under 42 U.S.C. § 1983 when they are performing "discretionary duties" if their actions are reasonable regarding the rights that the official allegedly violated. *Good v. Curtis*, 601 F.3d 393, 400 (5th Cir. 2010). Essentially, it is a defense available to "all but the plainly incompetent or those who knowingly violate the law." *Id.* (citations omitted). The Fifth Circuit uses a two-step analysis to evaluate qualified immunity defenses: (1) whether the defendant's alleged action is a violation of the plaintiff's constitutional right; and (2) whether the defendant's actions were "objectively unreasonable in light of clearly established law at the time of the conduct in question." *Freeman v. Gore*, 483 F.3d 404, 410–11 (5th Cir. 2007).

1.       *False Arrest*

A Fourth Amendment claim for false arrest requires proof that (1) the plaintiff was arrested; and (2) the arrest did not have the requisite probable cause. *Rhodes v. Prince*, 360 F. App'x 555, 558 (5th Cir. 2010). "Probable cause exists when the facts within the officer's knowledge and the facts of which he has reasonably reliable information would be sufficient to believe that the suspect was committing or had committed an offense." *Martin v. Thomas*, 973 F.2d 449, 453 (5th Cir. 1992) (citations omitted).

In this case the plaintiff has pled sufficient facts that, if true, allege a plausible claim for false arrest under the Fourth Amendment. First, the complaint alleges that the plaintiff was arrested. Second, the facts, if true, establish that the defendant did not have probable cause to arrest the plaintiff. Specifically, prior to the arrest the defendant had no verification that the substance was ecstasy. On the contrary, the plaintiff, two bystanders, and the grocery store employee told the defendant that the substance was Halloween candy. Additionally, an officer within the EBRSO

4

Narcotics Division viewed a picture of the substance that the defendant sent him and stated that it did not look like any ecstasy he had ever seen. Despite this information and without conducting a field test, the defendant arrested the plaintiff for possession of ecstasy. The defendant then submitted the substance to the State Police Crime Lab for testing, which determined that it was, in fact, candy.

Turning now to the defendant's assertion of qualified immunity, the forgoing analysis demonstrates that the plaintiff sufficiently alleged a constitutional violation. There is no argument that the alleged constitutional violation—arresting the plaintiff without probable cause—if true, was unreasonable in light of the clearly established law. The defendant has not established, at this time, that he is entitled to qualified immunity.

Therefore, the defendant's motion to dismiss, as it pertains to the plaintiff's Fourth Amendment false arrest claim, is **DENIED**, and the motion to dismiss on the grounds of qualified immunity is **DENIED** without prejudice to reasserting the defense at a later stage.

### 2. *Malicious Prosecution*

A § 1983 claim rests upon the denial of a federal right. Because "'causing a charge to be filed without probable cause [does] not without more violate the Constitution,' 'a freestanding § 1983 claim based only on malicious prosecution is not cognizable under the law.'" *Goodarzi v. Hartzog*, Civil Action No. H-12-2870, 2013 WL 3110056, at *5 (S.D. Tex. June 14, 2013) (quoting *Castellano v. Fragozo*, 352 F.3d 939, 943, 945 (5th Cir. 2003) (en banc)) (dismissing the plaintiff's § 1983 malicious prosecution claim brought in conjunction with a § 1983 false arrest claim).

Because there is no cognizable claim for malicious prosecution under § 1983, the defendant's motion to dismiss, as it pertains to this claim, is **GRANTED**.

3.      *Punitive Damages & Attorney's Fees*

Because a viable § 1983 claim remains, the defendant's motion to dismiss, as it pertains to the plaintiff's request for punitive damages and attorney's fees, is **DENIED** at this time.

B.      **State Law Claims**

1.      *Negligence*

Louisiana courts employ a duty/risk analysis when deciding negligence claims brought under La. Civ. Code article 2315. In order for the court to find liability, the plaintiff bears the burden of proving the following elements: (1) the defendant had a duty to conform his conduct to a specific standard; (2) the defendant breached that duty; (3) the defendant's conduct was the cause in fact of the plaintiff's injuries; (4) the defendant's conduct was the legal cause of the plaintiff's injuries; and (5) the plaintiff sustained actual damages. *Thibodeaux v. Trahan*, 74 So. 3d 850, 853 (La. Ct. App. 2011).

Here, the complaint alleges that the defendant wrongfully arrested the plaintiff, resulting in the plaintiff spending 90 days in jail and suffering from physical and emotional harms. If true, the facts are sufficient to allege a plausible claim of negligence under La. Civ. Code art. 2315. Therefore, the defendant's motion to dismiss, as it pertains to the plaintiff's claim for negligence, is **DENIED**.

2.      *False Imprisonment*

In Louisiana, false imprisonment requires proof of the following two elements: (1) detention of the plaintiff; and (2) the unlawfulness of the detention. *Kennedy v. Sheriff of E. Baton Rouge*, 935 So. 2d 669, 690 (La. 2006). Lawfulness of the detention is dependent on the existence of probable cause. *Tabora v. City of Kenner*, 650 So. 2d 319, 322 (La. Ct. App. 1995) (citing La. C. Cr. P. 213) ("Probable cause to arrest exists when the detaining officer has articulable

knowledge of particular facts sufficient to reasonably suspect the detained person of criminal activity and thus justify an infringement on his constitutionally protected right of freedom from government interference.").

For purposes of this ruling, the analysis conducted under the plaintiff's Fourth Amendment false arrest claim applies here as well. Therefore, the facts, if true, are sufficient to support a plausible claim for false imprisonment under Louisiana law and the defendant's motion to dismiss this claim is **DENIED**.[5]

### 3.   *Intentional Infliction of Emotional Distress*

The essential elements of a claim for intentional infliction of emotional distress ("IIED") are: (1) the defendant's conduct was extreme and outrageous; (2) the plaintiff suffered severe emotional distress; and (3) the defendant desired to inflict several emotional distress or knew that such distress was substantially certain to result from his conduct. *White v. Monsanto Co.*, 585 So. 2d 1205, 1209–10 (La. 1991). The conduct complained of "must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* at 1209. "Merely tortious or illegal conduct" and "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" does not rise to the level of extreme and outrageous. *W.T.A. v. M.Y.*, 58 So. 3d 612, 616 (La. Ct. App. 2011) (citations omitted); *see Boquet v. Belanger*, Civil Action No. 14-2228, 2015 WL 1650255, at *6 (E.D. La. Apr. 14, 2015) (granting a 12(b)(6) motion to dismiss an IIED claim because "even if the conduct plaintiff alleges violated the statute, it is not enough that the defendant acted with an intent which is . . . criminal" (internal quotations omitted)).

---

[5] To the extent that the plaintiff is alleging a state law claim for false arrest, such claim also survives the defendant's motion to dismiss.

In this case, the plaintiff has sufficiently alleged that he suffered severe emotional distress. However, the facts of the Complaint, even if treated as true, are insufficient to demonstrate that the defendant's conduct was extreme and outrageous. The Complaint merely alleges the defendant's tortious conduct, but does not allege further facts necessary to show that such tortious conduct was extreme and outrageous. Therefore, the defendant's motion to dismiss, as it pertains to the plaintiff's claim for intentional infliction of emotional distress, is **GRANTED**.

4. ***Malicious Prosecution***

In Louisiana, the tort of malicious prosecution requires proof of the following elements: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant against the plaintiff who was the defendant in the original proceeding; (3) a bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damages. *Craig v. Carter*, 718 So. 2d 1068, 1070 (La. Ct. App. 1998).

Here, the facts, even if take as true, are insufficient to establish that the defendant acted with malice. As discussed above, the allegations support a plausible claim that the defendant arrested the plaintiff without probable cause. However, the lack of probable cause, without more, does not demonstrate a heightened standard of malice. Therefore, the defendant's motion to dismiss, as it pertains to the plaintiff's claim for state law malicious prosecution, is **GRANTED**.

**IV.    CONCLUSION**

For the reasons stated above, the defendant's Motion to Dismiss (Doc. 9) is **GRANTED in part and DENIED in part**. The motion is **GRANTED**, as it pertains to the following claims, and those claims are therefore **DISMISSED**: Fifth Amendment; Eighth Amendment; § 1983 official capacity; § 1983 malicious prosecution; La. Civ. Code articles 2317, 2320, 2321;

intentional infliction of emotional distress; and malicious prosecution under state law. At this time, the motion is **DENIED** as to the plaintiff's request for punitive damages and attorney's fees. The motion is **DENIED**, as it pertains to the plaintiff's claims for Fourth/Fourteenth Amendment false arrest; negligence under La. Civ. Code article 2315; and false imprisonment under state law. In regards to the defendant's motion to dismiss on qualified immunity grounds, the motion is **DENIED** without prejudice to reasserting the defense at a later stage.

Signed in Baton Rouge, Louisiana, on February 1, 2016.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

9